U.S. DISTRICT COURT
EASTERN DISTRICT-WI
**MM AUG 25 P 3 34**
CLERK OF COURT

UNITED STATES DISTRICT COURT
EASTERN DISRICT OF WISONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 20-CR-146 |
| v. | Case No. 20-CR-<br>[18 USC 1343] |
| WILLIAM (BILL) COOK, | |
| Defendant. | |

## INDICTMENT

**THE GRAND JURY CHARGES:**

1. At all times material to this indictment:

   a. Braxton Environmental Services Corporation ("Braxton") was an asbestos abatement company with a business office located in Milwaukee, Wisconsin.

   b. The defendant, William (Bill) Cook, was the primary owner and operator of Braxton.

   c. The Housing Authority for the City of Milwaukee ("HACM") was the contracting authority for the Westlawn Revitalization Project, a multimillion dollar project primarily funded through the United States Department of Housing and Urban Development ("HUD") with funds derived from various federal initiatives.

   d. Cook, doing business as Braxton, signed contracts as a subcontractor to Dakota Intertek to provide asbestos abatement for Phases 2 and 3 of the demolition portion of the Westlawn project. The Braxton subcontracts had a combined value of $515,056.

1

e. Contracts for federally funded public works projects exceeding $2,000 are governed by federal labor laws, in particular the Davis-Bacon Act, which requires among other things that contractors pay a "prevailing wage" to their laborers.

f. Prevailing wage rates are determined by the Department of Labor based on a calculation of the prevailing wages for laborers working on similar projects in the local community.

g. Due to the value of the contracts and the nature of the Westlawn Revitalization funding, federal Davis-Bacon Act wage rates applied, requiring contractors and subcontractors on that project to pay those rates to their workers.

h. Prevailing wage rates for the Westlawn project were set forth in the Official Notices - Invitations to Bid and Addendums that HACM issued for Hazardous Materials Abatement, Building Demolition and Site Clearance for demolition Phases 2 and 3 of the Westlawn project.

i. The prevailing wage rates for asbestos workers on the Westlawn project were divided into to two distinct rates, depending on whether the work was "mechanical," which carried a lower wage rate, or "non-mechanical," which carried a higher rate. Each rate consisted of a base amount and a required fringe.

<u>The Scheme to Defraud</u>

2. Between on or about June 16, 2017, and on or about April 30, 2018, in the State and Eastern District of Wisconsin,

**WILLIAM (BILL) COOK**

knowingly devised a scheme to defraud and to obtain money by means of materially false and fraudulent pretenses and representations. The scheme is as described in the following

2

paragraphs:

a. Throughout Braxton's work on the Westlawn project, Cook failed to pay his workers the correct higher wage rate for non-mechanical asbestos abatement, generally paying them instead at the lower wage rate prescribed for mechanical abatement work.

b. When Cook did pay workers for non-mechanical abatement work, he failed to pay them at the full prevailing wage rate for that work, paying them instead at the base rate, and withholding the required fringe.

c. Throughout Braxton's work on the Westlawn project, Cook failed to submit required weekly Certified Payroll (CP) reports, thereby concealing from HACM his underpayment of wages during the course of the project.

d. After the completion of Braxton's work on the Westlawn project, Cook sought final payment for the work, and in support of that request, he submitted and certified as true and correct, false and fraudulent payroll reports (CP reports) for Phases 2 and 3 of the project. The reports were false and fraudulent in that they falsely reported the amount and type of wages that he had paid his employees for their work on the project. Specifically, the CP reports he certified did not accurately reflect the type of work performed by each laborer named in the reports; did not accurately reflect the rate of pay each laborer had received; and/or did not match the paycheck number or net pay the workers had actually received. Cook inputted the false reports into an LCP Tracker system which simultaneously transferred the data to LCP Tracker servers on the east and west coasts where the data was stored.

e. As the result of Cook's fraud scheme his employees were underpaid for their work on Phases 2 and 3 of the demolition portion of the Westlawn Revitalization Project and Cook retained and attempted to retain profits he was not entitled to have.

3

Executions of the Scheme

3. On or about the dates set forth below, in the State and Eastern District of Wisconsin,

**WILLIAM (BILL) COOK,**

for the purpose of executing the above described scheme, knowingly caused to be transmitted in interstate commerce wire communications that sent materially false and fraudulent payroll information through the HACM established LCP Tracker system from a server located in Milwaukee, Wisconsin, to servers where the data was maintained and stored in the states of California, Washington and Virginia.

| Count | Date | Description of the Transmitted Data |
|---|---|---|
| One | March 16, 2018 | Weekly Certified Payroll Reporting Forms: weeks ending 09/07/2017, 09/14/2017 & 09/21/2017 |
| Two | March 19, 2018 | Weekly Certified Payroll Reporting Forms: weeks ending 09/28/2017, 10/05/2017, 10/12/2017, 10/19/2017 & 10/26/2017 |
| Three | April 3, 2018 | Weekly Certified Payroll Reporting Forms: weeks ending 01/25/2018, 02/01/2018 & 02/08/2018 |
| Four | April 4, 2018 | Weekly Certified Payroll Reporting Forms: weeks ending 02/15/2018, 2/22/18 & 3/1/2018 |

Each in violation of Title 18, United States Code, Section 1343.

A TRUE BILL:

Foreperson

Date: 8/25/20

MATTHEW D. KRUEGER
Unites States Attorney

4